IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

PETE REDECOP d/b/a
DELTA Z FARMS, PLAINTIFFS,

VS. CIVIL ACTION NO. 4:04CV62-P-B

BILL GERBER, ET AL., DEFENDANTS.

## ORDER

This matter comes before the court upon Plaintiffs' Motion for Prejudgment Interest [49-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Whether to award prejudgment interest is left within the discretion of the trial judge. *Warwick v. Matheney*, 603 So.2d 330, 342 (Miss. 1992). "Prejudgment interest may be allowed in cases where the amount due is liquidated when the claim is originally made or when the denial of a claim is frivolous or in bad faith." *Preferred Risk Mutual Insurance Company v. Johnson*, 730 So.2d 574, 577 (Miss. 1998).Prejudgment interest based on the liquidity of the claim may not be awarded "where the principle amount has not been fixed prior to judgment." *Warwick*, 603 So.2d at 342.

The Mississippi Supreme Court observed in *Commercial Union Insurance Co. v. Byrne*, 248 So.2d 777, 783 (Miss. 1971) that:

> We are of the opinion that where ... there is a justifiable dispute as to the amount of the loss, the insured is not entitled to interest until the amount of the claim has been made certain or liquidated. However, we can envision cases where, in the discretion of the trial court, interest should be allowed although the amount of the loss is in dispute and for this reason we do not foreclose the allowance of interest in every case where the claim is unliquidated.

After considering the circumstances in this case, the court concludes that the amount of the

plaintiffs' claim against the insurance agency was not fixed before judgment. Unlike the breach of contract situation in *Preferred Risk* where the claim was certain because it was undisputed that it exceeded the policy limits (therefore making the claim definitely limited to the policy limits), the amount owed to the plaintiffs in this case was indeed disputed in addition to the basic question of whether the insurance agency owed them anything as opposed to the insurance company itself. *See Preferred Risk*, 730 So.2d at 577 ("Prejudgment interest has been denied where 'there is a bona fide dispute as to the amount of damages as well as the responsibility for the liability therefore.'") Furthermore, the plaintiffs in this case sued their insurance agency for negligent misrepresentation. They did not sue the actual insurance company for breach of contract. *Id.* ("Mississippi recognizes judicial authority to award prejudgment interest to a prevailing party in a breach of contract suit.").

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiffs' Motion for Prejudgment Interest [49-1] is **DENIED**.

**SO ORDERED** this the 9th day of November, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE