**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

PETE REDECOP, FRANK REDECOP,
ABE REDECOP, JACOB REDECOP,
ISAAC REDECOP, and SAILBOAT
PLANTATION, INC., d/b/a DELTA Z
FARMS,                                                                                    PLAINTIFFS,

VS.                                                                    CIVIL ACTION NO. 4:04CV62-P-B

BILL GERBER and GERBER INSURANCE
AGENCY, INC.,                                                                           DEFENDANTS.

**ORDER**

These matters come before the court upon Defendants' Motion to Amend Judgment [55-1] and Renewed Motion for Judgment as a Matter of Law and, Alternatively, Motion for Remittitur or New Trial [56-1]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

In their motion to amend the judgment the defendants request the following language to be added to the Final Judgment entered on November 21, 2006: "Since the claim against Bill Gerber personally has been discharged in bankruptcy, this judgment against Bill Gerber shall be effective only to the extent insurance exists to satisfy the judgment." The plaintiffs in their response have no objection to that language. Therefore, the Judgment should be amended accordingly.

With regard to the defendants' renewed motion for judgment as a matter of law, or alternatively for remittitur or new trial, the court concludes that the motion should be denied on all accounts.

First, the plaintiffs presented sufficient evidence for the jury to conclude that the defendants negligently misrepresented to them that they would be guaranteed coverage for 687 lbs per acre with

regard to their crops on their ten Washington County farms operated as Delta Z Farms and 649 lbs per acre with regard to the crops on their farm in Bolivar County operated as Sailboat Plantation, Inc. The crux of this case came down to credibility. The elements necessary to support a claim of negligent misrepresentation are: "(a) a misrepresentation or omission of a fact; (b) the representation or omission is material or significant; (c) a failure by the defendant to exercise reasonable care; (d) reliance on the misrepresentation or omission; and (e) damages caused directly and proximately by reasonable reliance on the representation or omission." Stonecipher v. Kornhaus, 623 So.2d 955, 964 (Miss.1993). The plaintiffs submitted ample proof supporting all of these elements. Essentially, the plaintiffs argued the defendants made the misrepresentation, the defendants denied it. The jury believed the plaintiffs.[1]

Second, the defendants argue that the verdict of $295,438.37 should be reduced by $13,244 because the plaintiffs only paid premiums for the lower coverage – *i.e.*, 618 lbs per acre on the Delta Z Farms and 614 lbs per acre on the Sailboat Plantation. This was not plead as an affirmative defense in the defendants' Answer to the Amended Complaint. In the Pretrial Order, the defendants did state under the contested facts section: "Whether any award of damages, if any, to Plaintiffs must be reduced by the amount of the unpaid premium for the crop insurance." Pretrial Order, ¶ 9(k). Despite this, the defendant did not submit a jury instruction regarding adjusting damages for the unpaid

---

[1] The defendants argue that the Mississippi Court of Appeals' decision in *Haggans v. State Farm Fire & Casualty Co.*, 803 So.2d 1249 (Miss. Ct. App. 2002) supports the conclusion that the plaintiffs in this case cannot prevail as a matter of law because the amount of crop insurance for which they believed they had paid turned out to be unavailable. However, *Haggans* involved an action for failure to procure insurance, not negligent misrepresentation. Those two causes of action are decidedly different since the latter depends on the plaintiffs' reasonable reliance upon alleged guarantees made by an insurance agent with superior knowledge as to what insurance is available. The decisive issue in the instant case is not whether the insurance was in fact available, but rather whether the insurance agent represented that it was and the plaintiffs reasonably relied on that representation to their detriment, proximately causing them damage.

premium. In any event, to reduce the verdict by the premium amount the defendants aver the plaintiffs should have paid had they been provided the 687 lbs and 649 lbs per acre coverage would be antithetical to the very premise of the jury's finding that the defendants were liable for negligent misrepresentation. This is because as far as the plaintiffs were concerned, they believed they had already paid for the higher coverage. The jury believed them and, as such, the verdict should not be reduced for the difference in the premiums.

Third, the defendants argue that the verdict should be reduced by $31,318.98 because the plaintiffs were paid nothing for their one Sailboat Plantation farm, # 3909, in Bolivar County. Defendants correctly point out that Plaintiffs Exhibit 14 shows that the plaintiffs were only paid for the other ten farms in Washington County and that #3909 was not included on the list. The defendants argue that the insurance company themselves decided not to pay their claim on the Sailboat Plantation and that the defendants had nothing to do with that decision. The defendants maintain that the reason the insurance company – who is not a party to this action – did not pay the Sailboat Plantation claim is that the plaintiffs allegedly commingled their harvest between reported and non-reported units and they did not properly identify that farm unit on their crop insurance application form. Thus, the defendants are positing that the proximate cause of not getting paid for the Sailboat Plantation was not the defendants' negligent misrepresentation but rather the plaintiff's own comparative negligence. The defendants did in fact plead comparative negligence as an affirmative defense in their Answer to the Amended Complaint. Furthermore, the defendants submitted a jury instruction, D-7, which included instructions regarding mitigation of damages and comparative negligence. Proposed Instruction D-7 provided:

> You are instructed that the Plaintiffs were under a duty after suffering harm, if any, to exercise due care and to take reasonable steps to avoid or diminish the damages resulting from that harm. You are instructed that Plaintiffs are not entitled to damages

for the harm that they could have avoided by the use of due care, nor for the harm which proximately resulted from their own conduct, if any, which contributed to their damages.

In its Resolution of Proposed Jury Instructions, the court rejected D-7, stating: "Not given; no proof submitted supporting mitigation of damages." Although the court did not specifically address the comparative negligence aspect of D-7, at the close of the evidence during trial the court believed there was insufficient proof submitted by the defendants regarding comparative negligence to justify the instruction.

Since comparative negligence was an affirmative defense, the defendants had the burden to prove applicability of that defense. Other than asking Pete Redecop during cross examination why the insurance company did not pay any amount on the Sailboat Plantation, the defendants all but admit that they did not submit sufficient proof regarding comparative negligence in their brief in support of the instant motion. On page 4 of their brief, the defendants wrote: "Although proof at trial was **not clear** why this underpayment occurred, there was testimony it **may have** occurred because the Redecops had not properly identified some of their farm units on their federal crop insurance application and/or because they had commingled portions of their harvest between reported and not reported units." (emphasis added). The testimony to which this statement referred was the questions posed by defense counsel.

Because insufficient proof was presented in support of their affirmative defense of comparative negligence – proof the defendants had the burden to present – the court was correct in rejecting D-7. Despite the absence of a comparative negligence instruction, the jury still heard what the defense counsel had to say about the reasons why the insurance company did not pay any portion with respect to the Sailboat Plantation. The jury chose not to reduce the damage award under the auspices of comparative negligence. As the defendants have pointed out in their instruction D-6A,

given by the court:

> The Court instructs the jury that the burden is upon the Plaintiffs to prove damages by a preponderance of the evidence with reasonable probability. If your verdict be for the Plaintiffs, then you should award only such damages as have been proven by a preponderance of the evidence. Damages cannot be proven by speculation or guesswork; if the Plaintiffs have, in your judgment, failed to prove any part of the damages claimed by a preponderance of the evidence and with reasonable probability, then as to such part, if any, no sum of money should be awarded. You cannot return a verdict for compensatory damages in favor of the Plaintiffs if such damages are merely speculative and based on conjecture, surmise, or guesswork.

Without specific proof regarding the reasons the insurance company did not pay any amount for the Sailboat Plantation farm, the jury would have been called upon to improperly speculate on that portion of damages vis-a-vis the defendants' comparative negligence theory.

The court concludes that the defendants have not demonstrated that their motion for judgment as a matter of law should be granted, nor that a remittitur or a new trial is warranted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' Motion to Amend Judgment [55-1] is **GRANTED**; therefore,

(2) The Final Judgment will be amended accordingly; and

(3) Renewed Motion for Judgment as a Matter of Law and, Alternatively, Motion for Remittitur or New Trial [56-1] is **DENIED**.

**SO ORDERED** this the 10th day of January, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE